# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

Lyle W. Cayce
Clerk

No. 11-50927
Summary Calendar

In the Matter of:  BRAZOS EMERGENCY PHYSICIANS ASSOCIATION, P.A.

Debtor

-------------------------------------------------------

BRAZOS EMERGENCY PHYSICIANS ASSOCIATION, P.A.; EMTEL, INCORPORATED; JOSEPH DEGIOANNI, M.D.

Appellants

v.

PATRICK G. WOODS, M.D.; DIANA FITE, M.D.; STEVE MATTI, M.D.; LEEOR PELEG, D.O.; GEORGE SIMONS, D.O.

Appellees

Appeals from the United States District Court
for the Western District of Texas
(1:11-CV-399)

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50927

This appeal arises from a long-running business dispute among a physicians group.  As a result of that dispute, two state-court actions have been filed, and the group, appellant Brazos Emergency Physicians Association, P.A. (BEPA), was placed in successive receiverships by a state court.  Upon the expiration of the second and final receivership, BEPA filed a Chapter 11 bankruptcy petition.  The bankruptcy court, having held a two-day evidentiary hearing, found the petition was filed in bad faith to gain an advantage in the state-court litigation.  The bankruptcy court therefore dismissed the petition, and the district court affirmed.  The sole issue on appeal is whether the bankruptcy court abused its discretion in dismissing the petition.

A bankruptcy court may dismiss a Chapter 11 petition if it determines the petition was not filed in good faith.  11 U.S.C. § 1112(b); *In re Humble Place Joint Venture*, 936 F.2d 814, 816-17 (5th Cir. 1991).  "A bankruptcy court's determination that a debtor has acted in bad faith is a finding of fact reviewed for clear error." *In re Jacobsen*, 609 F.3d 647, 652 (5th Cir. 2010).

After examining the evidence at length, the bankruptcy court concluded that, as BEPA's creditors were mainly insiders and affiliates, and as the bankruptcy petition was filed without any pressure from those creditors, the only purpose of BEPA's filing was to gain control of the state-court claims that appellees are prosecuting derivatively on BEPA's behalf.  *See In re Antelope Techs., Inc.*, 431 F. App'x 272, 275 (5th Cir. 2011) ("[T]he purpose of the petition was not primarily to reorganize or respond to financial crisis but instead was to gain unfair advantage in the shareholder derivative litigation.").  On appeal, the district court wrote a thorough opinion examining the record and disposing of the contentions BEPA now presents to us.  We are satisfied, essentially for the reasons stated by the district court, that the bankruptcy court's finding of bad faith was not clearly erroneous and, consequently, that its dismissal of BEPA's Chapter 11 petition was not an abuse of discretion.  *See id.*  AFFIRMED.